### INDEPENDENT BAKING POWDER CO. v. BOORMAN.

(Circuit Court, S. D. New York. March 10, 1905.)

EQUITY—EXAMINATION OF WITNESSES BEFORE EXAMINER—TESTIMONY IN SUPPORT OF EXCLUDED ISSUE.

Where that part of an answer in equity setting up a particular defense has been stricken out by the court on exception on the ground that it is irrelevant and impertinent, the court of another district in which testimony is being taken before an examiner, pursuant to equity rule 67, will, on objections brought before it, exclude testimony offered by defendant in support of such defense.

On Motion to Compel Witnesses to Answer Questions before Examiner.

Philip Carpenter, for the motion.

Archibald Cox, opposed.

LACOMBE, Circuit Judge. In form, this is an application to compel witnesses who are being examined before an examiner under

the sixty-seventh rule in equity to answer certain questions. The witnesses, however, are in no way, recalcitrant, nor is there any suggestion of a refusal to answer proper questions. The real object of the motion is to determine whether certain testimony offered in behalf of the defendant should be taken by the examiner—whether certain questions which are objected to by complainant should be allowed. It will be so treated, and each question will be ruled upon.

There can be no doubt that the judge who passed upon the exceptions to the answer, which were duly heard in the court where the cause is pending, decided that there should be eliminated from the controversy, as immaterial, all issues as to the motives with which complainant's alleged rights are asserted, and as to its relations with the Royal Baking Powder Company or with other manufacturers. Shall testimony bearing on these issues be, nevertheless, received? Under the rule laid down in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, and repeatedly followed in this court, testimony has been frequently taken when objected to as irrelevant and immaterial, the objection being reserved to be passed upon at final hearing, and the testimony preserved, so that, in the event of an adverse decision at circuit being reversed upon appeal, there might be no necessity for a new trial. This cause, however, presents a somewhat different question. It is not merely whether, upon taking testimony before an examiner, who has no power to rule on objections, certain proofs shall or shall not be excluded as having no bearing upon the controversy. The court in which the cause is pending, and which has power to pass upon all questions arising therein, has made a careful examination of the pleadings, and, after a full hearing and consideration of all the arguments now presented, has decided that certain issues presented by the defendant shall not be considered by the court. Should defendant be defeated at final hearing, his appeal will bring up this decision eliminating portions of his answer. If the appellate court should reach the conclusion that the decision was erroneous, and that defendant was entitled to show motives, on the theory that he might thus show that complainant did not come into equity with clean hands, it would have the power upon reversal to remand the cause with instructions to take testimony touching the issues thus restored. Chicago, etc., R. R. v. Tompkins, 176 U. S. 167, 20 Sup. Ct. 336, 44 L. Ed. 417. The Court of Appeals in this circuit would undoubtedly exercise such power where, as the result of an erroneous decision by the court below, the defendant had been prevented from presenting testimony in support of the defense which had been stricken out. It must be assumed that the Court of Appeals in the Third Circuit would take a similar course. The decision is by a circuit judge, familiar with the practice in that circuit, and who, presumably, would not have made the decision he did if the result would be to deprive defendant of his day in court in the event of such decision being reversed on appeal. Inasmuch as the court where the cause is pending has decided in advance of the trial that certain issues must be kept out, it would not

be proper for another court (not an appellate tribunal sitting in review of such decision) to force into the record testimony in support of those issues. In accordance with these views the questions certified will now be ruled on.

Attention has been given first to every question referred to in complainant's brief (complainant raising the objections), and then to every question referred to in defendant's brief not already considered. If by this process any questions are omitted, a list of these may be presented.

Witness Le Fetra:

Questions 2 and 13. Objection sustained.

Question 20. Objection overruled.

Question 23. Objection sustained.

Question 24. Objection sustained.

Question 32. Objection sustained; the "impressions" of the witness are incompetent.

Questions 36, 37, 41, and 42. Objection sustained.

Question 44. Objection sustained; the witness' "discussions" with third parties are incompetent.

Question 46. Objection overruled.

Question 47. Objection sustained; had it not been for the answer to Q. 45, it would have been overruled.

Witness William McMurtrie:

Questions 9, 10, 13, and 14. Objection sustained.

Questions 21 and 30. Objection sustained; the "understanding" of the witness, or "what he thinks," is not competent.

Question 37. Objection overruled.

Question 50. Objection sustained; the "impressions" of the witness are not competent.

Questions 53 to 59. Objection sustained.

Questions 79, 80, 81, 85, and 88. Objection sustained.

Questions 104, 106. Objection sustained.

Questions 114, 115. Objection sustained.

Question 123. Question is answered. A. 125, 126, 127.

Questions 139, 140, 141, 142, 143, 145, 146, 148, 149, 150, 151. Objection sustained.

Questions 153, 154, 155, 156, 157. Objection sustained.

Questions 143, 178, 179, 180, 181. Objection sustained.

Witness Charles T. Whittier:

Question 347. Objection sustained.

Question 418. Objection sustained.

Questions 439, 443, 446, 447. Objection sustained.

Questions 457, 458. Objection sustained.

Questions 459, 466. Objection sustained.

Questions 665, 666, 667, and 668. Objection sustained.

Questions 670, 671. Objection overruled.

Questions 723, 724, 727, 729. Objection sustained.

As to all these questions, except where otherwise stated, the objections are sustained upon the ground that the evidence sought

to be elicited relates to issues which the court where the suit is to be tried has expressly and specifically excluded. And defendant may take a separate exception to the ruling as to each question.